1   FRANK N. DARRAS #128904, Frank@DarrasLaw.com
    SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
2   PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

3   **DarrasLaw**

4   3257 East Guasti Road, Suite 300
    Ontario, California 91761-1227
5   Telephone:   (909) 390-3770
6   Facsimile:   (909) 974-2121

7   Attorneys for Plaintiff
    SANDRA GARCIA
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11   SANDRA GARCIA,                          Case No:

12          Plaintiff,                       COMPLAINT FOR BENEFITS UNDER
13                                            AN EMPLOYEE WELFARE BENEFIT
     vs.                                     PLAN
14

15   LIFE INSURANCE COMPANY OF
     NORTH AMERICA,
16

17          Defendant.

18

19

20   Plaintiff alleges as follows:

21          1.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337

22   and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security

23   Act of 1974, 29 U.S.C. § 1101, et seq. (hereafter "ERISA") as it involves a claim by

24   Plaintiff for disability benefits under employee benefit plans regulated and governed

25   under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C.

26   § 1331 as this action involves a federal question.

27          2.      The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of

28   the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

1   Those avenues of appeal have been exhausted.

2          3.      Plaintiff is informed and believes and thereon alleges that the Security

3   Group, Inc. and all subsidiaries and affiliates Group Short Term Disability Plan and

4   Security Group, Inc. and all subsidiaries and affiliates Group Long Term Disability Plan

5   (hereinafter collectively referred to as the "Plans") are employee welfare benefit plans

6   established and maintained by Security Group, Inc. ("SGI"), to provide its employees

7   and those of its subsidiaries and affiliates, including Plaintiff, SANDRA GARCIA

8   ("Plaintiff" and/or Ms. GARCIA"), with income protection in the event of a disability and

9   is the Plan Administrator for the Plans.

10         4.      Plaintiff alleges upon information and belief that Defendant, LIFE

11  INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times

12  was, a corporation duly organized and existing under and by virtue of the laws of the

13  State of Pennsylvania, authorized to transact and transacting the business of insurance

14  in this state, and, the insurer and Claims Administrator for the Plans.

15         5.      Plaintiff further alleges that venue is proper in this district pursuant to 29

16  U.S.C. § 1132(e)(2) in that defendant LINA, who fully insured the policy and who is

17  ultimately liable if Plaintiff is found disabled, may be found in this district.  Since on or

18  about November 1, 1956, LINA has been registered as a corporation with the state of

19  California, has extensive contacts within the state, employs California residents,

20  conducts ongoing business within the state and therefore, may be found within the

21  state.

22         6.      At all relevant times Plaintiff was a resident and citizen of the United

23  States, an employee of SGI, its successors, affiliates and/or subsidiaries, and a

24  participant in the Plans.

25         7.      Based upon information and belief, Plaintiff alleges that at all relevant

26  times herein Plaintiff was covered under group short term disability policy number VDT-

27  0962331 and group long term disability policy number LK-0965347 (hereinafter

28  collectively referred to as the "Policies") that had been issued by Defendant LINA to SGI

1    to insure its Plans, and the eligible participants and beneficiaries of the Plans, including

2    Plaintiff.

3          8.        The subject Policies promised to pay Plaintiff weekly short term disability

4    benefits and monthly long term disability benefits for a specified period of time should

5    she become disabled. Therefore, LINA both funds and decides whether claimants will

6    receive benefits under the Plans and as such suffers from a structural conflict which

7    requires additional skepticism.

8          9.        Based upon information and belief, Plaintiff alleges that, according to the

9    terms of the Plans, if Plaintiff became disabled, LINA promised to pay short term and

10   long term disability benefits to Plaintiff as follows:

11         Short Term Disability Benefits:

12         •        Elimination Period: 30 days

13         •        Gross Disability Benefit: The lesser of 60% of an Employee's weekly

14                  Covered Earnings rounded to the nearest dollar or the Maximum Disability

15                  Benefit.

16         •        Maximum Disability Benefit: $1,000 per week

17         •        Maximum Benefit Period: The 26th week from the date of disability.

18         •        Definition of Disability/Disabled:

19                  o   The Employee is considered Disabled if, solely because of Injury or

20                      Sickness, he or she is:

21                          i.  Unable to perform the material duties of his or her Regular

22                              Job; and

23                          ii. Unable to earn 80% or more of his or her Covered Earnings

24                              from working in his or her Regular Job.

25         / /

26         / /

27         / /

28         / /

- 3 -

DarrasLaw

1      <u>Long Term Disability Benefits</u>:

2         •    Elimination Period: 180 days

3         •    Gross Disability Benefit: The lesser of 60% of an Employee's monthly

4              Covered Earnings rounded to the nearest dollar or the Maximum Disability

5              Benefit.

6         •    Maximum Disability Benefit: $7,500 per month

7         •    Definition of Disability/Disabled:

8               o   The Employee is considered Disabled if, solely because of Injury or

9                   Sickness, he or she is:

10                     ▪ 1. Unable to perform the material duties of his or her Regular

11                       Occupation; and

12                     ▪ 2. Unable to earn 80% or more of his or her Indexed

13                       Earnings from working in his or her Regular Occupation.

14               o   After Disability Benefits have been payable for 12 months, the

15                   Employee is considered Disabled if, solely due to Injury or

16                   Sickness, he or she is:

17                     ▪ 1. unable to perform the material duties of any occupation for

18                       which he or she is, or may reasonably become, qualified

19                       based on education, training or experience; and

20                     ▪ 2. Unable to earn 80% or more of his or her Indexed

21                       Earnings.

22      10.    Prior to her disability under the terms of the Plans, Plaintiff, who had been

23  employed with SGI, was working as a Senior Assistant Manager.

24      11.    On or about February 28, 2019, Plaintiff became disabled as defined by

25  the terms of the Plans and timely submitted a claim to LINA for payment of disability

26  benefits.

27  //

28  //

12.     However, on or about May 9, 2019, LINA unreasonably and unlawfully denied her short term disability claim.  And, on or about August 28, 2019 and October 26, 2020, LINA unreasonably and unlawfully upheld its denial of her short term disability claim.

13.     On or about November 21, 2019, LINA unreasonably and unlawfully denied Plaintiff's long term disability claim. And, on or about October 26, 2020, LINA unreasonably and unlawfully upheld its denial of her long term disability claim.

14.     According to LINA's denial letters:

- **May 9, 2019:** "After completing our review of your claim, we are unable to approve your claim for benefits. ...You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."

- **November 21, 2019:** "After completing our review of your claim, we are unable to approve your claim for benefits. ... You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."

- **October 26, 2020:** "After completing our review of your claim, we must uphold our prior determination to deny Ms. Garcia's claim. ...At this point in time Ms. Garcia has exhausted all administrative levels of appeal and no further appeals will be considered. ...Please note that Ms. Garcia has the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."

15.     In so doing, LINA unreasonably and unlawfully failed to timely identify the medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians

1  who were financially biased and/or not qualified to refute the findings of Plaintiff's board

2  certified physicians; relied strictly upon physical requirements of occupations instead of

3  taking into consideration the non-exertional requirements of Plaintiff's regular, or any,

4  occupation; and misrepresented the terms of the Policies.

5      16.    Additionally, LINA knew, or should have known, that the documentation

6  submitted to and/or obtained by LINA clearly substantiated Plaintiff's disability and

7  entitled her to benefits under the Plans.

8      17.    To date, even though Plaintiff has been disabled, LINA has not paid

9  Plaintiff any disability benefits under the Policies. The unlawful nature of LINA's denial

10  decisions is evidenced by, but not limited to, the following:

11      •    LINA engaged in procedural violations of its statutory obligations under

12          ERISA, including, but not limited to, failing to promptly identify the medical

13          consultants who reviewed her file; failing to timely advise Plaintiff of what

14          specific documentation it needed from her to perfect her claims; and

15      •    LINA ignored the obvious, combed the record, and took selective evidence

16          out of context as a pretext to deny Plaintiff's claims; and

17      •    LINA ignored the opinions of Plaintiff's board certified treating physicians

18          and/or misrepresented the opinions of Plaintiff's treating physicians.

19          Deference should be given to the treating physicians' opinions as there are

20          no specific, legitimate reasons for rejecting the treating physicians' opinions

21          which are based on substantial evidence in the claim file.  Further, LINA's

22          highly conflicted physicians' opinions do not serve as substantial evidence

23          as they are not supported by evidence in the claim file nor are they

24          consistent with the overall evidence in the claim file.

25      18.    Additionally, ERISA imposes higher-than-marketplace quality standards

26  on insurers. It sets forth a special standard of care upon a plan administrator, namely,

27  that the administrator "discharge [its] duties" in respect to discretionary claims

28  processing "solely in the interests of the participants and beneficiaries" of the plan, §

1    1104(a)(1); it simultaneously underscores the particular importance of accurate claims

2    processing by insisting that administrators "provide a 'full and fair review' of claim

3    denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements

4    marketplace and regulatory controls with judicial review of individual claim denials, see

5    § 1132(a)(1)(B).

6         19.    As a direct and proximate result of LINA's failure to provide Plaintiff with

7    disability benefits, Plaintiff has been deprived of said disability benefits owed under the

8    Plans.

9         32.    As a further direct and proximate result of the denial of benefits, Plaintiff

10   has incurred attorney fees and costs to pursue this action, and is entitled to have such

11   fees and costs paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA §

12   502(g)(1).

13        33.    A controversy now exists between the parties as to whether Plaintiff was

14   disabled as defined in the Plans.  Plaintiff seeks the declaration of this Court that she

15   met the Plans' definitions of disability and consequently is entitled to all benefits from

16   the Plans to which she might be entitled while receiving disability benefits, with

17   reimbursement of all expenses and premiums paid for such benefits from the beginning

18   of her claim.  In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's

19   claim consistent with the terms of the Plans.

20        WHEREFORE, Plaintiff prays for relief against Defendant as follows:

21        1.    An award of benefits in the amount not paid Plaintiff beginning on or about

22   March 30, 2019, together with interest at the legal rate on each monthly payment from

23   the date it became due until the date it is paid; plus all other benefits from the Plans to

24   which she might be entitled while receiving disability benefits, with reimbursement of all

25   expenses and premiums paid for such benefits or, in the alternative, a remand for a

26   determination of Plaintiff's claim consistent with the terms of the Plans;

27        2.    An order determining Plaintiff is entitled to disability payments/benefits so

28   long as she remained disabled as defined in the Plans;

1    3.  For reasonable attorney fees and costs incurred in this action; and,

2    4.  For such other and further relief as the Court deems just and proper.

3

4

5    Dated:  November 16, 2020                   DarrasLaw

6

7    FRANK N. DARRAS

8    SUSAN B. GRABARSKY
     PHILLIP S. BATHER
9    Attorneys for Plaintiff
10   SANDRA GARCIA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28